UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JOHNSON,

        Plaintiff,

v().

        Case No. 23-cv-10850
        Honorable Linda V. Parker

HOME DEPOT U.S.A. INC., and
JOHN DOE,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDERING PLAINTIFF TO SHOW CAUSE WHY CLAIMS AGAINST DEFENDANT "JOHN DOE" SHOULD NOT BE DISMISSED WITHIN THIRTY (30) DAYS**

Plaintiff Richard Johnson filed this case in Oakland County Circuit Court on March 23, 2023, against Home Depot U.S.A., (Inc.) (ECF No. 1.) Johnson filed an amended complaint on April 14, 2023, and brings Michigan common law claims of: (1) negligence; (2) respondeat superior; (3) vicarious liability; and (4) premises liability in response to an injury he sustained while shopping at a Home Depot store located in Madison Heights, Michigan (the "store"). (ECF No. 3.)

Presently before the Court is Defendant's motion for summary judgment. The motion is fully briefed. (ECF Nos. 15, 16, 17.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court

dispensed with oral argument pursuant to Local Rule 7.1(f).  For the reasons that follow, Defendant's motion for summary judgment is granted.

## I. Factual and Procedural History

On April 21, 2022, Johnson went to the store to purchase paneling for a home renovation project.  (ECF No. 15 at Pg ID 92.)  As the panels were each four feet by eight feet, and a quarter inch thick, Johnson realized he needed help removing the paneling from the shelf and sought out an employee to help.  (*Id.* at Pg ID 141, 146.)  Before an employee could come to help, Johnson attempted to remove the paneling from the shelf himself, and it became stuck.  (*Id.* at Pg ID 137.)  Johnson then attempted to "pull" and "jerk" the sheet "kind of hard" to remove it from the shelf.  (*Id.*)

When Johnson jerked the panel, it "came out, it hit the cart, and it threw [him] across the aisle which wasn't easy." (*Id.*)  Johnson clarified that he "pulled [the panel] real hard and it came out and fell" on him.  (*Id.* at Pg ID 234.)  He further elaborated that, "[w]hen I took the paneling out, I had to jerk it. When I jerked it out and I got it out, I had to pull real, real hard on it. So I pulled it out, the paneling fell forward, [and] I went over to the other side." (*Id.* at Pg ID 295-296.)  When the paneling dislodged, Johnson fell and broke his femur.  (*Id.* at Pg ID 177.)  At the time of the accident there were no Home Depot employees present.  (*Id.* at Pg ID 145.)

Johnson stated he had "seen [Home Depot employees] stack paneling up" and he agreed that the "paneling was stacked where the Home Depot representatives would have put it[.]" (*Id.* at Pg ID 237-238.) However, when asked if he had "any evidence that Home Depot was aware of any problem or defect with either the paneling … or any part of whatever it was [stored] in[,]" Johnson responded, "I don't have any physical evidence, no." (ECF No. 15 at Pg ID 207 (alteration added).) He also agreed that a customer could have moved the paneling and he did not know who had touched it last. (*Id.* at Pg ID 158.)

The only facts the parties dispute are: (1) what caused the paneling to fall; and (2) who last moved the paneling before the accident. (ECF Nos. 15, 16, 17.) The only evidence submitted by either party is Johnson's deposition in which he describes the accident. (ECF Nos. 15, 16, 17.)

## II. Legal Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56

mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact."  *Id.* at 323.  Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).  To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient.  *See Liberty Lobby*, 477 U.S. at 252.  The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1).

Notably, the trial court is not required to construct a party's argument from the record or search out facts from the record supporting those arguments.  *See,*

*e.g., Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)) ("the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact"); *see also InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), cert. denied 494 U.S. 1091 (1990) ("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim."). The parties are required to designate with specificity the portions of the record such that the court can "readily identify the facts upon which the . . . party relies[.]" *InterRoyal Corp.*, 889 F.2d at 111.

### III. Analysis

A federal court sitting in diversity applies the substantive law of the state in which it sits. *See Equitable Life Assur. Soc. of U.S. v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998). As such, the Court applies the substantive law of Michigan to the plaintiff's state law claims in this diversity action.

#### A. Negligence

Home Depot argues that Johnson's negligence claim is merely a restated claim for premises liability. (ECF No. 15 at Pg ID 15.) Johnson failed to respond to this argument, something that itself could be grounds for dismissal. (ECF No.

16.)  For the reasons that follow, the Court finds that Johnson has not stated an independent claim for ordinary negligence and dismisses this claim.

Under Michigan law, premises liability and negligence claims merge in certain circumstances.  "Michigan law distinguishes between a claim of ordinary negligence and a claim premised on a condition of the land. … Whether the gravamen of an action sounds in negligence or in premises liability is determined by considering the plaintiff's complaint as a whole, regardless of the labels attached to the allegations by the plaintiff." *Jeffrey-Moise v. Williamsburg Town Houses Coop, Inc.*, 971 NW2d 716, 723 (Mich. 2021) (citation omitted). "When the plaintiff alleges that his injuries arose from a dangerous condition on the land, his claim is one of premises liability, and not one of ordinary negligence." *Heilman v. Smith*, No. 363799, 2024 WL 3738177 at *4 (Mich. Ct. App. Aug. 8, 2024).

"Courts are not bound by the labels that parties attach to their claims." *Jahnke v. Allen*, 308 Mich App 472, 474 (2014) (quotation marks, alteration, and citation omitted).  In general, courts determine the nature of a claim by reading the complaint in its entirety.  *Id.* (citation omitted)  In practice, this means that merely alleging that a claim is for "negligence" is insufficient – there must be a substantive basis for the characterization.

Johnson's negligence claim is grounded in "the negligent maintenance of the property by Defendants[.]"  (ECF No. 3 at Pg ID 33.)  The negligence claim

further references Johnson's role as an "invitee" and Home Depot's duty "to exercise due care in the operation and maintenance of said premises so as to prevent injury to its invitees." (*Id.* at Pg ID 32.) Fundamentally, this claim concerns the condition of the premises and, as a result, is merely a restated premises liability claim.

As Johnson's negligence and premises liability claims merge as a matter of law, for the purposes of summary judgment the Court will treat Johnson's ordinary negligence and premises liability claims as a single claim of premises liability as discussed below. *See* Section III.B.

### B. Premises Liability

To succeed on a premises liability claim, a plaintiff must establish: (1) that the defendant owed a legal duty to the plaintiff; (2) that the defendant breached or violated that legal duty; (3) that the plaintiff suffered damages; and (4) that the defendant's breach of duty was a proximate cause of the damages suffered by the plaintiff. *Riddle v. McLouth Steel Products*, 485 N.W.2d 676, 681 n.10 (Mich. 1992). The question of duty of care is a matter of law to be decided by the court. *Id.* at 681.

There is no dispute that Johnson was an invitee. (ECF Nos. 15, 16, 17.) As such, he was "entitled to the highest level of protection under premises liability law." *Kandil-Elsayed v. F & E Oil, Inc.*, 1 N.W.3d 44, 52 (Mich. 2023), quoting

*Stitt v. Holland Abundant Life Fellowship*, 614 N.W.2d 88, 92 (Mich. 2000), as amended (Sept. 19, 2000). "Land possessors owe a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed*, 1 N.W.3d 44 at 52 (quotation marks and citation omitted).

A premises owner breaches their duty to an invitee "when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Pugno v. Blue Harvest Farms LLC*, 930 N.W.2d 393, 404 (Mich. App. 2018) (citing *Lowrey v. LMPS & LMPJ, Inc.*, 890 N.W.2d 344, 348 (Mich. 2016)).

To succeed in a premises liability claim, the plaintiff must "prove that the premises possessor had actual or constructive notice of the dangerous condition at issue." *Pugno*, 930 N.W.2d at 349 (quotation marks and citation omitted). "Where the possessor is the one who created the condition, knowledge of the condition is imputed to the possessor" who is assumed to be on actual notice of the condition. *Pippin v. Atallah*, 626 N.W.2d 911, 917 n.2 (Mich. App. 2001). However, "where the condition is created by a third person, there is a factual question regarding whether the possessor should have reasonably discovered the condition" and been on constructive notice. *Id.* To prove constructive notice a plaintiff must show "that the hazard was of such a character, or had existed for a sufficient time, that a

reasonable premises possessor would have discovered it." *Lowrey*, 890 N.W.2d 344 at 351. A defendant may "establish its entitlement to summary disposition by demonstrating that plaintiff failed to present sufficient evidence of notice" of the dangerous condition. *Id.* at 350.

To overcome summary judgment on the basis of constructive notice, a plaintiff must present some evidence which "establishes [that the condition existed for] a sufficient length of time that [a] jury could infer that defendant should have discovered and rectified the condition." *Clark v. Kmart Corp.*, 634 N.W.2d 347, 349 (Mich. 2001). "Unless the plaintiff presents evidence—not speculation—to establish that the premises owner possessed constructive notice of a dangerous condition, summary disposition is proper." *Easton v. Meijer, Inc.*, No. 363597, 2023 WL 8106830 at *2 (Mich. Ct. App. Nov. 21, 2023), appeal denied, 3 N.W.3d 814 (Mich. 2024). Although the questions of when a dangerous condition occurred are generally questions of fact for the jury, when the plaintiff presents only speculation as to the duration of the condition, summary judgment is appropriate. *See Clark* 634 N.W.2d at 349 (evidence a check-out lane was closed for an hour was sufficient to allow a jury to infer that spilled grapes had been on the floor long enough that the defendant should have discovered them); *Easton* 2023 WL 8106830 (plaintiff's assertion that the edges of a puddle were drying was insufficient to create a question of fact sufficient to overcome summary judgment).

Home Depot argues that it lacked notice of the allegedly hazardous paneling, either actual or constructive, and that Johnson has failed to establish a question of material fact as to either issue. (ECF No. 15.) In response, Johnson argues that the condition was created by Home Depot's agents, and it was thus on actual notice or, alternatively, that Home Depot was on constructive notice. (ECF No. 16.)

As an initial matter, the dangerous condition alleged is Johnson's assertion that vertically stacked paneling was less safe than horizontally stacked paneling. (ECF No. 15 at Pg ID 209.) The entirety of the evidence in support of this claim is Johnson's bare assertion that the paneling could have been placed in a safer position and the fact an accident occurred. (ECF No. 15 at Pg ID 209.) Furthermore, Johnson saw no defect in the paneling or the rack on which the paneling was stored, either before or after the accident which evidences there was no alternative hazard. (*Id.* at Pg ID 157.)

### i. Actual Notice

There is no evidence, beyond Johnson's speculation, that a Home Depot employee created a dangerous condition. (ECF No. 16 at Pg ID 237-238.) Johnson's assertion is purely speculative and insufficient to overcome summary judgment as there was no evidence presented that the condition of the paneling was the result of the actions of Home Depot or its employees. This is particularly true as Johnson admitted he did not know who handled the paneling last and that it

could have been moved by another customer. (ECF No. 15 at Pg ID 158.) Beyond alleging that Home Depot created the condition, Johnson offers no other evidence that Home Depot was on actual notice.

### ii. Constructive Notice

Finally, Johnson failed to present evidence that Home Depot was on constructive notice as he has offered no evidence of when the condition arose. Further, there is no evidence presented on which a jury could even infer the condition had existed for a sufficient length of time. Without offering any evidence of when the condition arose, Johnson cannot rebut Home Depot's argument that it lacked constructive notice. The missing link in this case is evidence as to when the hazardous condition arose.

A mere "scintilla of evidence" is insufficient to overcome summary judgment. *Copeland v. Machulis*, 57 F.3d 476 at 479 (6th Cir. 1995) (citation omitted). Given the minimal and speculative evidence Johnson has offered, no reasonable jury could find that Home Depot was on either actual or constructive notice of the condition.

As Johnson has failed to present any evidence that Home Depot was on actual or constructive notice beyond mere speculation, summary judgment is granted as to Johnson's premises liability claim.

### C. Respondeat Superior and Vicarious Liability

"The doctrine of respondeat superior is well established in [Michigan]: An employer is generally liable for the torts its employees commit within the scope of their employment." *Hamed v. Wayne Cnty.*, 490 Mich. 1, 803 N.W.2d 237 (2011). Likewise, "to succeed on a vicarious liability claim, a plaintiff need only prove that an agent has acted negligently." *Al-Shimmari v. Detroit Med. Ctr.*, 731 N.W.2d 29, 36 (Mich. 2007).

However, for an employer to be liable for the acts of an employee under either theory, there must be an underlying tortious or negligent action taken by the employee. Johnson has failed to provide any evidence of a tort or negligence committed by an employee of Home Depot. As such, summary judgment is appropriate on Johnson's respondeat superior and vicarious liability claims.

## IV. Defendant "John Doe"

The complaint also raises claims against an unidentified John Doe. "Although designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) (collecting cases); *accord Woodard v. Farris*, No. 2:20-cv-7, 2020 WL 1469886, at *3 (M.D. Tenn. Mar. 25, 2020) (holding "it would be inappropriate to dismiss the claims against the John Doe Defendants at

this juncture because of the likelihood that the identities of these Defendants will be determined during discovery.").

Furthermore, under Fed. R. Civ. P. 4(m) if "a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant[.]" "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996), citing *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).

This case has been pending for over a year and the discovery deadline expired on February 9, 2024. (ECF No. 13) No amended complaint has been filed to identify Defendant John Doe and he has not been served with process. Consequently, the Court orders Johnson to show cause within thirty (30) days of this order as to why claims against Defendant John Doe should not be dismissed without prejudice for failure to effectuate service.

## V. Conclusion

The Court finds that Johnson has failed to present sufficient evidence to show that Home Depot was on notice of a hazardous condition such that a reasonable jury could find that Home Depot breached its duty of care owed to Johnson. The Court further finds that Johnson has failed to present any evidence

of tortious or negligent conduct by an agent or employee of Home Depot. Thus, Defendant is entitled to summary judgment as a matter of law.

Accordingly,

**IT IS ORDERED** that Defendant Home Depot's motion for summary judgment (ECF No. 15) is **GRANTED;**

**IT IS FURTHER ORDERED** Plaintiff **SHALL SHOW CAUSE** within thirty (30) days as to why claims against Defendant John Doe should not be dismissed without prejudice for failure to effectuate service.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 9, 2024